Chancellor Rutledge
afterwards delivered the decree of the court.
The testator made his last will and testament, and died some years afterwards, leaving it in full force. The complainant Walter Ewing was not born at the time of making the will, but was born before his fathers death.
The clause of the will we observe was written with his own baud. Nothingis so clear,as thatthe construction must be agreeable to the intention of the testator, collected from his -will. The obvious and manifest intention of the tes *456 tator in this case throughout his will, is to make an equa distribution of his estate amongst all his children. It is true that in the first part of the clause under consideration, he directs the money therein mentioned, to be kepi entire and undivided until his children therein particularly named, and the child or. children his wife might then he pregnant with, shbuld respectively attain the age of 21 years, dr be married; and by a rigid construction of the words, if notaferwards explained, the complainant might possibly be excluded froiifa, share of that money, he not being the child that testator’s wife was then pregnant with, but bom some years after.; But in -the subsequent part of the clause the testator fixes the period when a distribution is to be made, and he thus compleatly explains his intention by declaring that the money shall be divided according to the number of his children, who may then be alive, share ¿nd share alike; By which latter words the ambiguity of the former is clearly removed, and the complainant must indubitably be let in for aii equal share of that .fittoney, with the rest of the testators children; and is con* sequently entitled to maintenance and education in common with them. "
It is therefore ordered and decreed, that the executors (when a division of the money shall be made) do include the complainant in such division, and retain in their hands an eqiial share thereof for the use and benefit of complainant*